UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORY D. BRADLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-1036-JMB |
| STANLEY PAYNE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Cory D. Bradley, registration number 527120, for leave to bring this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center, and a frequent filer of lawsuits. He is subject to 28 U.S.C. § 1915(g), which provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated three strikes. S*ee Bradley v. City of St. Louis Carnahan Ct. Bldg.*, No. 4:14-CV-2112-JAR (E.D. Mo.); *Bradley v.*

*Keefe Co.*, No. 4:14-CV-2087-JAR (E.D. Mo.); *Bradley v. U.S. Dep't of Justice*, No. 4:14-CV-797-JCH (E.D. Mo.). Therefore, he may proceed *in forma pauperis* in this civil action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the case at bar, plaintiff identifies himself as "Cory D. Bradley Authorized Representative." (Docket No. 1 at 1). He states he is being employed against his will and without his consent. He states the Missouri Department of Corrections is forcing him to be its employee, and characterizes this as an "act of piracy and enticement into slavery." *Id.* at 2. He claims he is paid $8.50 per month to work in janitorial services, which he characterizes as a "slave wage." *Id.* He also states he challenges the jurisdiction of the sentencing court and the Missouri Department of Corrections, claiming he was wrongfully seized. He claims that employing him against his will can be "viewed as enticement to slavery, piracy, sedition, insurrection RICO all crimes listed in 18 U.S.C." *Id.* at 5. Plaintiff focuses upon the fact that he is being compelled to work and is receiving a low wage, not his health, physical ability, or working conditions. He asks this Court to order his immediate release by declaratory judgment.

None of plaintiff's allegations amount to a claim that he is under imminent danger of serious physical injury. He is therefore not eligible to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g). The instant motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

Dated this   2nd   day of August, 2018.

                                         \s\  Jean C. Hamilton
                                         JEAN C. HAMILTON
                                         UNITED STATES DISTRICT JUDGE